IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ralph Infante,

                Petitioner,

       v.

Warden Jennifer Gillece Black,

                Respondent.

Case No. 21-cv-1307

ORDER

This is a *pro se* prisoner habeas corpus case under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") 28 U.S.C. § 2254. The case arises out of the Petitioner, Ohio prisoner Ralph Infante's, conviction on thirteen counts relating to acts of corruption while he was the Mayor of Niles, Ohio. Petitioner challenges his convictions in the Trumbull County Court of Common Pleas for tampering with records, two counts of gambling, two counts of operating a gambling house, two counts of theft in office, one count of having an unlawful interest in a public contract, one count of engaging in a pattern of corrupt activity, and one count of falsification. Petitioner filed a traverse (Doc. 10) to Respondent's Return of Writ (Doc. 9).

On January 25, 2024, Magistrate Judge James E. Grimes, Jr. issued a Report and Recommendation ("R&R") recommending that I deny Petitioner's petition. (Doc. 11). Petitioner filed timely objections (Doc. 12) and Respondent replied to the objections (Doc. 13).

For the reasons that follow, I overrule the objections and deny the writ. I also deny a certificate of appealability.

**Background**

I have reviewed the R&R's summary of the underlying facts in Petitioner's case. I am satisfied that the R&R is accurate and thorough and I adopt the summary of underlying facts in full.

**Legal Standard**

The AEDPA limits the authority of a federal district court to grant habeas relief on a claim that the state court adjudicated on the merits. *See* 28 U.S.C. § 2254(d). A § 2254(d) petition may only be granted if the state court adjudication was "contrary to" or resulted in an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

The standard's focus "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of [the state court's] decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before

2

the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

I review objections to the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1).

Northern District of Ohio Local Rule 72.3(b) states, regarding objections to an R&R: "Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b)… Such party … shall specifically identify the portions of the proposed findings, recommendations, or report to which [an] objection is made and the basis for such objections."

**Analysis**

**A**. **Objections**

Petitioner objects to the R&R's recommendation that I deny Petitioner's first and third claims for relief. (Doc. 12, PgID. 2723). In short, Petitioner argues that the evidence was insufficient to convict him under Ohio Rev. Code § 2923.32(A)(1), Engaging in a Pattern of Corrupt Activity, and Ohio Rev. Code § 2923.31(A)(1) Theft in Office. (*Id*.)

As to the Engaging in a Pattern of Corrupt Activity conviction, Petitioner argues that his indictment did not include an "association in fact," which is required to sustain his conviction. (*Id*. at PgID. 2726). And he argues that, a chain of actions is different from an "enterprise," which is required to sustain his conviction. *Id*.

As to the Theft in Office conviction, Petitioner argues that "[i]f the 'theft' aspect of the statute a stand alone element [*sic*] that must be proven beyond a reasonable doubt or is it merely a means of proving the principle offense [*sic*]." (Doc. 12, PgID. 2730). Then, he argues: "According

3

to firmly established United States Supreme Court precedent[,] theft is a stand alone element, and not a means to prove the principle offense." (*Id*. at PgID. 2731).

As a threshold matter, Petitioner's objections do not address the specific reasoning of the R&R; rather, they merely rehash many of the same arguments Petitioner brought in the Petition. The Magistrate Judge rejected these arguments for the reasons stated in the R&R. Petitioner's mere disagreement with the Magistrate Judge's conclusions does not necessarily mean that the Magistrate Judge erred. *See Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (stating that a district court need not grant relief where objections "merely restate" the original claims that the magistrate judge rejected for the reasons stated in an R&R).

Even so, on my *de novo* review, Petitioner's arguments fail for two reasons. First, procedural default bars some of the Petitioner's objections. Second, Petitioner fails to meet his burden on the merits. He did not set forth any arguments indicating that the state court adjudication was "contrary to" or resulted in an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**B. Procedural Default: Part of Claim 1 and All of Claim 3**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id*.; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If,

due to a petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).

To summarize, Petitioner raised seven assignments of error in his direct appeal. *See State v. Infante*, 2019-T-0043, 2020 WL 1308678, at *2 (Ohio Ct. App. 2020) (Doc. 9-1, PgID. 487–515). The Ohio Court of Appeals affirmed his convictions. *Id*. Petitioner then filed a notice of appeal with the Ohio Supreme Court, wherein he raised only five propositions of law. (Doc. 9-1, PgIID. 518–537). The Ohio Supreme Court declined to accept jurisdiction. *State v. Infante*, 159 Ohio St. 3d 1437 (2020) (table decision) (Doc. 9-1, PgID. 588). He raised three issues in his Petition for Writ. (Doc. 1). Here, he raises two objections to the R&R. (Doc. 12, PgID. 2721–2734).

One of the issues that Petitioner challenges in his objections, in his first ground for relief, is the R&R's statement that Petitioner waived his right to challenge whether the "association" he was charged with in the indictment differs from the "association" for which he was convicted. The relevant portion of the R&R states:

> Infante does not argue that an association of him, his office, and the ITAM, as found by the court of appeals, differs from the association charged in the indictment. He has thus forfeited that argument which, in any event, was not presented to the Ohio Supreme Court. Nonetheless, an argument along these lines could not succeed

> because the indictment alleged that he acted with ITAM and that he acted in association with a number of listed individuals and "others known and unknown, all of whom are persons associate with the Enterprise." Doc. 9-1, at 24; see Ohio Rev. Code § 2923.31(G) (defining a "[p]erson" to include "any governmental officer, employee, or entity).

(Doc. 11, PgID. 2700, n. 5).

In his objections, Petitioner states that he included the following issue in his Memorandum in Support of Jurisdiction before the Ohio Supreme Court:

> A defendant indicted under Ohio's RICO statute, Engaging in Pattern of Corrupt Activity, R.C. § 2923.32(A)(1), as "an association-in-fact" enterprise may not be convicted as a single person enterprise as this is a separate and distinct theory than had been presented to the grand jury. (Doc. 9-1, Memorandum in Support of Jurisdiction, PgID # 530–31).

(Doc. 12, PgID. 2725).

Indeed, it appears that Petitioner did not fail to raise this issue in the Ohio Supreme Court. However, it makes no difference to the outcome. Though the R&R may have mistakenly indicated that Petitioner forfeited the argument by not presenting it to the Ohio Supreme Court, Petitioner still forfeited the argument when he failed to present it in his Petition for Writ. (*See* Doc. 1). This issue, therefore, is barred due to procedural default. *See Williams v. Foley*, No. 20-2187, 2023 WL 6155986 (N.D. Ohio Sept. 21, 2023) (Ruiz, J.) (declining to hear an argument Petitioner presented for the first time in his objections to the R&R because such arguments are not properly before the Court). Accordingly, this issue, which Petitioner includes in his first claim for relief, is not properly before me and his first objection to the R&R is denied.

Additionally, procedural default bars Petitioner from raising his third ground for relief, where he states:

> The law and application of the relevant Supreme Court precedent is not contested here. What is contested is whether the "theft" aspect of a charge of theft in offense. [*sic*] It the "theft" aspect of the statute a stand alone element that must be proven

6

> beyond a reasonable doubt or is it merely a means of proving the principle offense. The Report and Recommendation cited *Mathis v. United States*, 579 U.S. 500, 506 (2016) in determining that the multiple thefts in Infante's indictment was a "list [that] merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item". (Doc. 11, Report and Recommendation, PgID #2718). Infante disagrees and objects to this finding.

(Doc. 12, PgID. 2730 (errors in original)). As I understand it, Petitioner is objecting to the R&R's finding that Petitioner forfeited his third ground for relief.

Again, Petitioner's third ground is that there is insufficient evidence to support his theft-in-office convictions. (Doc. 1, PgID. 8). Petitioner never identified in his petition a "clearly established" principle of "Federal law" that "was contrary to" or "involved an unreasonable application of" that "clearly established" precedent. 28 U.S.C. § 2254(d)(1). (*See* Doc. 1). Instead, Petitioner failed to address this standard, whatsoever, in his Petition. (See Doc. 1-1, PgID. 32–34). Accordingly, the Magistrate Judge found that Petitioner's failure to address this standard precluded Petitioner's ability to obtain relief. (Doc. 12, PgID. 2715).

Petitioner's objection indicates that he "disagrees" with the R&R, but again, he fails to address the relevant standard under § 2254. A general disagreement with an R&R is not a proper objection. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991). Moreover, Petitioner's opportunity to raise this issue was in his Petition, which he failed to do and is therefore barred from doing now. Accordingly, Petitioner's third claim for relief fails.

**C. Merits of the Remainder of Claim 1**

Petitioner's remaining objection, related to his first claim for relief, fails on the merits. Again, Petitioner's claim one, as I understand it, is that the prosecutor failed to prove that Petitioner was "associated-in fact" with an "enterprise." (Doc. 1, PgID. 23–27). According to the Ohio Court

7

of Appeals in its reasoned opinion on this issue, an "enterprise" "may be either illicit or licit and comprised of 'any individual, sole proprietorship, partnership, … government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. *Infante*, *supra*, 2020 WL 1308678, at \*7.

Thus, the court concluded, upholding his convictions, that the enterprise could have been either the Office of the Mayor or Petitioner's club. A jury could therefore convict Petitioner under this statute even though no one else was acting in concert with him.

The crux of the Petitioner's objection is that this concept is logically untenable. (Doc. 12, PgID. 2728). In effect, Petitioner argues that no one can act "in concert" with himself. (*Id*.)

The State's position is that when Petitioner engaged in corrupt acts –bribes, the use of City property, the use of Petitioner's title within the city, and so forth— the enterprise and "association" was with the Office of the Mayor. (Doc. 13, PgID. 2736). The "Office" of the Mayor is separate from the individual elected to that office. In other words, the association is between the Mayor as an Office and the Mayor as an individual engaged in illegal acts that constituted the corrupt organization or enterprise.

The gravamen of the Petitioner's objection is that, even if one accepts the logic of that approach (which Petitioner does not), it raises due process concerns. He argues he was not on notice that the State would pursue this theory.

I reject this premise. The indictment is very clear regarding the State's theory of the "enterprise," (Doc. 9-1, PgID. 123), defining who the Parties to the enterprise are, (*i.e.*, "Ralph Infante—The Mayor of the City of Niles during the time within which this enterprise functioned…" (*id*.), and setting forth a multiple-page description of "The Scheme or Phases of the

8

Enterprise's Existence" (*id*. at PgID. 123–125). The indictment discusses Petitioner's role in the scope of the enterprise both upon becoming mayor and in his individual capacity. (*Id*.) Several more pages of the indictment discuss the "common purpose of the enterprise," and states: "This is a criminal enterprise which lasted as long as Ralph Infante's tenure as Mayor of the City of Niles…" (*Id*. at 126). Accordingly, I overrule Petitioner's merits-based arguments in his first objection because the indictment set forth notice of the government's theory on which he was convicted.

Additionally, for the same reasons that Judge Grimes already explained in detail when faced with identical arguments, Petitioner has not made the requisite showing that the state court adjudication of his claims was "contrary to" or resulted in an "unreasonable application of clearly established Federal law." § 2254(d)(1). (*See, generally,* Doc. 11). Accordingly, I deny the petition for writ of habeas corpus and I adopt the R&R.

### D. Certificate of Appealability

Under 28 U.S.C. § 2253, "a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). A prisoner denied habeas relief "must first seek and obtain a [certificate of appealability] from a circuit justice or judge," as a jurisdictional prerequisite.

Federal law authorizes me to issue a certificate of appealability only if the Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

I have carefully reviewed the record in this case, including the original pleadings, trial record, and extensive appellate and post-conviction record. I find that Petitioner fails to meet the

9

requirement that he show that he was denied a constitutional right. I therefore deny Petitioner a certificate of appealability.

## Conclusion

It is, therefore, ORDERED THAT:

Petitioner's Objections (Doc. 12) to the Magistrate Judge's R&R (Doc. 11) be, and the same hereby is, overruled;

I adopt the R&R (Doc. 11) as the Order of this Court;

The Petition for habeas corpus relief under 28 U.S.C. § 2254(d) (Doc. 1) be, and the same hereby is, denied.

I certify that there is no basis on which to issue a certificate of appealability.

SO ORDERED.

*/s/James G. Carr*
Sr. U.S. District Judge